N H MOTEL ENTERPRISES, INC v CITY OF TROY (ON REMAND)

Docket No. 170396. Submitted December 2, 1993, at Lansing. Decided June 6, 1994, at 9:30 A.M. Leave to appeal sought.

N H Motel Enterprises, Inc., filed a petition in the Michigan Tax Tribunal, challenging a special tax assessment by the City of Troy for road widening and other improvements. Following a hearing during which both the petitioner and the respondent presented evidence concerning whether the improvements would confer any special benefit on the petitioner's property, the hearing officer held that the improvements would confer no special benefit and recommended that the special assessment with respect to the petitioner's property be canceled. The Tax Tribunal adopted the opinion of the hearing officer. The respondent appealed. The Court of Appeals, HOLBROOK, JR., P.J., and MURPHY and D. A. ROBERSON, JJ., affirmed, in an unpublished opinion per curiam, decided February 23, 1993 (Docket No. 128670). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of *Kadzban v Grandville*, 442 Mich 495 (1993). 444 Mich 884 (1993).

On remand, the Court of Appeals *held:*

1. Municipal decisions regarding special assessments are presumed valid; accordingly, a special assessment may be declared invalid only where the party challenging the assessment demonstrates by credible evidence that there is a substantial or unreasonable disproportionality between the amount assessed and the value that accrues to the land as a result of the improvements. After a property owner rebuts the presumption of validity, the burden of going forward shifts to the assessing authority, which must present evidence that proves that the assessment is reasonably proportionate.

2. The petitioner presented evidence that effectively rebutted the presumption of the special assessment's validity, and, accordingly, the respondent had the burden of going forward with evidence proving that the assessment was reasonably proportionate. The trier of fact rejected the respondent's evidence, finding that there was no support either for the claim that the improvements generated a benefit to the petitioner's property or for the claim that the improvements resulted in a lesser

decline in the occupancy of the petitioner's hotel than would have occurred without the improvements. Because the Tax Tribunal's decision is supported by competent, material, and substantial evidence on the whole record, it must be upheld.

Affirmed.

*Snyder & Handler, P.C.* (by *David S. Snyder*), for the petitioner.

*John J. Martin, III,* for the respondent.

ON REMAND

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and MURPHY, JJ.

HOLBROOK, JR., P.J. This case is before us for the second time. Previously, we affirmed the Michigan Tax Tribunal's April 18, 1990, judgment invalidating a special tax assessment against the petitioner. Unpublished opinion per curiam of the Court of Appeals, decided February 23, 1993 (Docket No. 128670). In an order dated November 23, 1993, the Supreme Court, in lieu of granting leave to appeal, remanded this case to this Court for reconsideration in light of *Kadzban v Grandville,* 442 Mich 495; 502 NW2d 299 (1993). 444 Mich 884 (1993). We again affirm the Tax Tribunal's judgment.

In our prior opinion, we concluded that the Tax Tribunal correctly determined that no value accrued to the petitioner's property as a result of the special assessment. The respondent approved the special assessment for the widening, extending, and connecting of roads in order to alleviate traffic congestion and promote further development. The petitioner's property included the Northfield Hilton, which was located within the special assessment district. In our prior opinion we addressed the issues accordingly:

Respondent first argues that the Tax Tribunal's decision is not supported by competent, material, and substantial evidence. Specifically, the respondent contends that the petitioner's loss in net income after establishment of the [special assessment district] was due to the glut of new hotels constructed within its market and that the loss would have been greater if not for the Northfield Project. However, the Tax Tribunal's decision is supported by the testimony of David Scully, who stated that changing traffic patterns made access to the hotel more difficult due to the increase in office space generated by the improvements. Moreover, the petitioner's expert witness Roland Nelson testified that the property decreased in value as a direct result of the special assessment. We conclude that the Tax Tribunal's decision is supported by competent, material, and substantial evidence on the whole record.

In rejecting the respondent's argument that the Tax Tribunal erred in deciding that the income approach is the most appropriate method for determining the true cash value of the petitioner's property, we held:

Generally, there are three accepted methods of valuation for taxation purposes. The Tax Tribunal has the duty to select the appropriate approach considering all of the facts presented. In the present case, Roland Nelson testified that the hotel had decreased in value after the improvements in the [special assessment district] were completed. We find that the hearing officer's reliance on this evidence comports with its duty to determine the change in the market value of a piece of property after the improvements. We decline to find that the Tax Tribunal adopted a wrong principle. [Citations omitted.]

We find that *Kadzban* does not require us to change the result in this case. In *Kadzban,* the

plaintiffs were twenty-seven owners of real property abutting Canal Avenue in the City of Grandville who challenged the city's special assessments for street and utility improvements. The plaintiffs alleged that they did not receive any special benefit to their properties as a result of the improvements to Canal Avenue. The plaintiffs claimed that the improvements decreased the value of their properties because of increases in traffic and traffic speeds. The Tax Tribunal upheld the assessments, finding that the plaintiffs had failed to prove that they had not received special benefits as a result of the improvements. This Court in *Kadzban* reversed the decision of the Tax Tribunal, concluding that little more than a scintilla of evidence had been presented by the city to justify the special assessments.

The Supreme Court in *Kadzban* reversed this Court's decision. In an opinion by Justice GRIFFIN, joined by Justices BRICKLEY and BOYLE, with Chief Justice CAVANAGH concurring in the result only, the Court reiterated that municipal decisions regarding special assessments are presumed to be valid. *Id.* at 502. The Court stated that a special assessment may be declared invalid only when the party challenging the assessment demonstrates that there is a substantial or unreasonable disproportionality between the amount assessed and the value that accrues to the land as a result of the improvements. *Id.,* citing *Dixon Rd Group v Novi,* 426 Mich 390, 403; 395 NW2d 211 (1986). To rebut the presumption that the special assessment is valid, a petitioner must present at a minimum credible evidence. *Kadzban* at 505. After a petitioner presents evidence effectively rebutting the presumption of validity, the burden of going forward shifts to the city, which, in order to sustain the assessments, must present evidence proving

that the assessments are reasonably proportionate. *Id., n* 5. The Supreme Court in *Kadzban* agreed with the hearing officer's determination that the city effectively and completely discredited the plaintiffs' evidence of a sales ratio study allegedly showing that the improvements had no positive effect on the value of the plaintiffs' properties. *Id.* at 504. The *Kadzban* Court also determined that the other evidence presented by the plaintiffs was unpersuasive. *Id.* at 504-505. In addition, the Court in *Kadzban* determined that the city presented substantial evidence of increases in the value of the plaintiffs' properties that exceeded the amount of the special assessments. *Id.* at 506-507. Consequently, the Supreme Court upheld the Tax Tribunal's decision.[1]

In the present case, the petitioner overcame its burden of rebutting the presumption that the respondent's decision regarding the special assessment was valid by showing a substantial or unreasonable disproportionality between the amount assessed and the value that accrued. *Id.* at 502. The petitioner presented evidence that the hotel had decreased in value after the special assessment. The petitioner further showed that changing traffic patterns made access to the hotel more difficult because of the increase in office space

---

[1] In her concurring opinion, Justice BOYLE emphasized that the starting point in special assessment tax challenges is the presumption that the assessment is reasonably proportionate to the benefits received and is valid. Justice RILEY, joined by Justice MALLET, stated in a concurring opinion that the case should be remanded for further fact finding with respect to the issue of proportionality. The justices maintained that a city seeking to rest upon the presumption of validity of special assessments must indicate, when challenged in court, that it balanced the benefits to those assessed with the costs imposed on them. In a separate opinion, Justice LEVIN stated that the case should be remanded to this Court for consideration of the issue whether the city arbitrarily allocated to the plaintiffs the entire cost of the improvements in light of the fact that owners of properties on side streets feeding into Canal Avenue may have also benefited from the improvements.

generated by the improvements and that the hotel's earnings significantly diminished after the improvements were made because a new hotel opened on previously inaccessible property along one of the newly built streets. The special assessment on the petitioner's property was $389,478.09. Whether the value of the petitioner's property increased as a result of the improvements is factual and is to be determined by the trier of fact. *Kadzban* at 502. In the present case, the trier of fact's determination that no value accrued to the petitioner's property as a result of the special assessment is supported by competent, material, and substantial evidence on the whole record. *Id.* at 502-503.

Because the petitioner presented evidence that effectively rebutted the presumption of the special assessment's validity, the respondent had the burden of going forward with evidence proving that the assessments were reasonably proportionate in order to sustain the assessments. *Id.* at 505, n 5. The evidence presented by the respondent was summarized in our prior opinion in the following manner:

> Ernest Reschke, the city assessor, prepared a written benefit analysis that examined the sales of office and hotel land in the [special assessment district] and the city in general. . . . The benefit analysis concluded that property within the [special assessment district] had increased in value due to the road improvements by $1 per square foot, resulting in an increase in property value of $759,250 for the petitioner.
>
> The respondent's proofs further showed that the Northfield Project benefited the petitioner by creating less risk, thereby lowering the capitalization rate by a minimum of .05 percent. Respondent

maintained that this rate was crucial in determining value based on the income approach used by the petitioner's appraiser. Because market value may be calculated by dividing the net operating income by the capitalization rate, respondent claimed that the market value of the petitioner's property increased because the capitalization rate was lower due to the improvements of the Northfield Project.

However, the hearing officer in the opinion adopted by the Tax Tribunal rejected the respondent's evidence, finding there was neither support for the respondent's position that the special assessment improvements generated a special benefit to the petitioner's property nor proof that the benefit included a lesser decline in the occupancy of the petitioner's hotel than would have occurred but for the improvements and stating:

> While we agree that increased competition may have contributed to a decline in occupancy, there was no proof that the cost of the special assessment was reasonably proportional to the increase in value of the subject property that accrued as a result of those improvements. We conclude, rather, that the massive improvements made to the hotel property at the hotel's expense, including renovation of all rooms, was the most important factor in staving off a sharper decline in occupancy and revenues.

On the basis of the evidence before it, the hearing officer determined that no value accrued to the petitioner's property as a result of the special assessment. Because the Tax Tribunal's decision is supported by competent, material, and substantial evidence on the whole record, it must be upheld.

Affirmed.